## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LARRY MORRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05-cv-0621-MJR** |
| | ) | |
| **RALPH HELTON,** | ) | |
| **MJH HAULING, INC., and** | ) | |
| **ROBIN LYNNE, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM and ORDER</u>

**REAGAN, District Judge:**

In August 2003, on Highway 67 in St. Charles County, Missouri, Larry Morris (driving a Jeep Cherokee) was struck by a Ford dump truck operated by Ralph Helton and owned by MJH Hauling. Morris filed suit in the Circuit Court of Madison County, Illinois on July 27, 2005 against three Defendants: (1) Ralph Helton, (2) Mary Jo Helton d/b/a MJH Hauling (whose proper name is MJH Hauling, Inc.; see Affidavit attached to Doc. 1), and (3) Robin Lynne, Inc.

The complaint alleged that Ralph Helton's negligence resulted in Morris being extensively injured, disabled, and disfigured. Morris further alleged that, at the time of the accident, Helton was the agent or employee of either MJH Hauling or Robin Lynne, Inc.

Thirty days after Morris filed his lawsuit, Defendants Ralph Helton and MJH Hauling removed the action to this Court, invoking subject matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332**. The case comes now before the undersigned Judge for threshold review, the purpose of which is to ascertain that subject matter jurisdiction properly lies. ***See, e.g.,***

Dockets.Justia.com

*Wisconsin Knife Works v. National Metal Crafters,* **781 F.2d 1280, 1282 (7ᵗʰ Cir. 1986).**

        **28 U.S.C. § 1332** confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, **110 F.3d 424, 427 (7ᵗʰ Cir. 1997).**

        Here, the amount in controversy suffices for purposes of threshold jurisdictional review. Defendants have demonstrated "a good faith, minimally reasonable belief" that Morris' claims "will result in a judgment in excess of $75,000." *Neuma, Inc. v. AMP, Inc.,* **259 F.3d 864, 881 (7ᵗʰ Cir. 2001).** Morris alleges "extensive injuries," lost earning capacity, past and present pain and suffering, lost wages, disability, and disfigurement. The amount in controversy satisfies the requirements of § 1332.

        The Court next determines whether the parties are completely diverse. Plaintiff Morris is an Illinois citizen. Defendant Helton is a Missouri citizen. Defendant MJH Hauling, Inc. also is a Missouri citizen (alleged to both be incorporated in that state and have its principal place of business there). But the removal notice does <u>not</u> disclose the citizenship of the third named Defendant – Robin Lynne, Inc.

        Nor has Robin Lynne joined in the notice of removal. It is axiomatic that removal requires the consent of *all* defendants (or at least all defendants properly named and served). *Midlock v. Apple Vacations West, Inc.*, **406 F.3d 453, 455-56 (7ᵗʰ Cir. 2005).** *See also Doe v. GTE Corp.*, **347 F.3d 655, 657 (7ᵗʰ Cir. 2003),** *citing Hanrick v. Hanrick*, **153 U.S. 192 (1894)***; Torrence v. Shedd*, **144 U.S. 527 (1892);** *Phoenix Container, L.P. v. Sokoloff*, **235 F.3d 352 (7th Cir. 2000).**

It may be that Robin Lynne's consent to removal was not needed because, as of August 26, 2006, Robin Lynne had not been served. The Court simply cannot discern that fact from the record before it. The more problematic aspect of the removal notice is the absence of any reference to Robin Lynne's state(s) of citizenship.

Accordingly, the Court **DIRECTS** the removing parties – who bear the burden of demonstrating that all jurisdictional requirements have been satisfied – to file an <u>amended removal notice</u> on or before September 30, 2005.

To clarify the record and minimize confusion, the Court **DIRECTS** Plaintiff Morris to file an amended complaint (correcting the name of Defendant Mary Jo Helton) on or before September 20, 2005.

The Court **DENIES at this time** Helton and MJH Hauling's pending motion to quash/dismiss (Doc. 4)(as to which the Clerk of Court has issued a notice of errors) but will permit the motion to be re-filed, if appropriate, after (a) Plaintiff files an amended complaint, (b) Defendants file an amended removal notice, and (c) the Court determines that subject matter jurisdiction lies.

**IT IS SO ORDERED.**

**DATED this 31st day of August, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**