IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-cv-621-MJR |
| ) | |
| RALPH HELTON, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the Motion for Discovery on Issue of Personal Jurisdiction filed by the Plaintiff, Larry Morris, on October 26, 2005 (Doc. 24). The motion is **DENIED**.

### BACKGROUND

The Plaintiff seeks to conduct discovery in order to respond to a motion to dismiss in which the Defendants assert that this Court does not have personal jurisdiction over the Defendants. On November 4, 2005, this Court conducted a telephonic conference on the motion and the anticipated discovery that the Plaintiff wished to pursue. At that conference, the Court required the Plaintiff to fax his discovery requests and the Defendant to fax their objections. This matter was then set for a telephonic discovery dispute conference to occur on November 16, 2005. At the November 4, 2005 conference, however, the Defendants raised the issue of whether the Plaintiff has some initial burden prior to a Court Order mandating that they respond to discovery concerning personal jurisdiction. At the time, the Court indicated that no such burden existed and that the Court had the jurisdiction to determine whether there was jurisdiction and that mandating discovery on the issue was a logical extension.

Upon further reflection, this Court re-evaluated that assessment in an order dated

November 8, 2005. That order indicated that the Plaintiff must meet a *prima facie* burden prior to subjecting the Defendants to discovery in this matter. This conclusion was based, primarily, on <u>Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corporation</u>, 230 F.3d 934 (7th Cir. 2000). This Court further set this matter for an in-court hearing on the Plaintiff's motion on November 16, 2005. The parties were instructed to supplement their briefs and address the Plaintiff's burden prior to the discovery being conducted. The Plaintiff and Defendants also were instructed to submit to chambers their discovery requests and objections, respectively.[1]

On November 15, 2005, the Plaintiff, in lieu of supplementing his brief, filed a "Response to this Court's November 8, 2005 order concerning Plaintiff's motion for personal jurisdiction discovery." In this response, the Plaintiff first argued that District Judge Michael J. Reagan already had mandated that discovery take place in an order which extended the time in which the Plaintiff had to respond to the Defendants' pending motion to dismiss (Doc. 30). Second, the Plaintiff argued that state law governed whether or not they may conduct discovery. Third, the Plaintiff took exception to this Court's reliance on <u>Central States</u>. This Court construed this "response" as a motion for reconsideration – which was denied by an order dated November 15, 2005 (Doc.35). In the Defendants' supplemental brief, they argued that the Plaintiff has only offered speculation in support of his request for discovery (Doc. 36).

At the hearing, held on November 16, 2005, the parties made various arguments. The Plaintiff also submitted two exhibits: the first is an affidavit signed by the Plaintiff, Larry Morris,

---

[1] During the hearing, each of the Defendants' objections to the discovery requests were considered. This Court issued preliminary rulings on the discovery requests in the event that the Motion to Compel would be granted.

and dated November 16, 2005; the second exhibit is a draft second amended complaint. Prior to the hearing, the Defendant, Robin Lynne, Inc., further indicated that it was adopting the arguments and objections made by the other Defendants, Ralph Helton and MJH Hauling, Inc.

## DISCUSSION

**Governing Law**

The Plaintiff made a brief argument that this issue is governed by Illinois state law. Specifically, the Plaintiff pointed to Illinois Supreme Court Rule 201(l) which states that: "(1) While a motion filed under section 2-301 of the Code of Civil Procedure is pending, a party may obtain discovery only on the issue of the court's jurisdiction over the person of the defendant . . . ." This Rule refers to Illinois Code of Civil Procedure 5/2-301 which provides that, prior to the filing of a responsive pleading, a party may file a motion objecting to the Court's exercise of personal jurisdiction. 735 ILL. COMP. STAT. 5/2-301(a). The Plaintiff asserted that this is a substantive rule of law and therefore governs this diversity action. This argument is without merit. Discovery in federal court is governed by the Federal Rules and law. The Plaintiff advocates a position without the benefit of any citation to authority.[2] The issue of whether this Court will permit discovery is left to the discretion of this Court and is not mandated by rules that govern the Illinois Courts.

**Judge Reagan's November 2, 2005 Order**

The Plaintiff next argues that Judge Reagan already has allowed for discovery to take place. The Plaintiff relies on the following order:

---

[2] At the hearing, the Plaintiff offered to provide the Court with case authority for his position. However, as of the date of this order, no such supplemental information has been supplied.

> ORDER granting 23 Motion to Stay: The Court GRANTS Plaintiff Morris' motion to stay briefing (Doc. 23), will permit a 60-day stay of the briefing period, and thus EXTENDS to JANUARY 3, 2006 the deadline by which Plaintiff must file his response to Defendants' pending motions (Docs. 14 and 19). The Court intends to rule on those motions immediately thereafter and will permit no further extensions of the briefing deadline. Until the Court has determined (via resolution of the pending motions) whether it can exercise personal jurisdiction herein, no dispositive motions can be ruled on, and none should be filed. Signed by Judge Michael J. Reagan on 11/2/05.

This order does not mention discovery nor did Judge Reagan rule on the Plaintiff's separately filed motion to conduct discovery. As such, this argument is also without merit.

**The Plaintiff's burden**

In Central States, the Seventh Circuit had occasion to determine whether discovery was appropriate in a similar situation to the one presented before this Court. The Plaintiff in Central States sought to conduct discovery in order to determine whether the Court had personal jurisdiction over Canadian companies. In upholding the District Court's denial of the proposed discovery, the Court of Appeals stated:

> At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted. Foreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists. We review the district court's denial of discovery on this issue for abuse of discretion.
>
> Id. 230 F.3d at 947 (citations omitted).

The Court of Appeals specifically highlighted that the District Court did not abuse its discretion in finding that the discovery requests were irrelevant and that requiring "burdensome, wide-ranging discovery against defendants from a foreign nation" in order to determine relevant contacts with the forum state "is not appropriate at a stage where the district court is trying to

determine whether it has any power over the defendants." Id. at 947.  Of course, the defendants here are not, presumably, wholly foreign corporations.  However, the principle would still apply: this Court will not mandate potentially expensive and protracted discovery without a prima facie showing that personal jurisdiction exists.  As Judge Cosbey has noted:

> A plaintiff must make a threshold or prima facie showing with some competent evidence demonstrating that personal jurisdiction might exist over a defendant in order to be entitled to jurisdictional discovery. . . . This standard is quite low, but a plaintiff's discovery request will nevertheless be denied if it is only based upon "bare," "attenuated," or "unsupported" assertions of personal jurisdiction, or when a plaintiff's claim appears to be "clearly frivolous."
>
> Andersen v. Sportmart, Inc., 179 F.R.D. 236, 241-242 (N.D. Ind. 1998) (citations omitted).

See Ellis v. Fortune Seas, LTD, 175 F.R.D. 308, 312 (S.D. Ind. 1997); See also Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003) ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." (citations omitted)); Sunview Condominum Association v. Flexel Internationa, Ltd., 116 F.3d 962, 964 (1st Cir. 1997) ("After all, a diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of *in personam* jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." (citation and footnote omitted)).  Thus, the Plaintiff must make a *prima facie* showing prior to conducting discovery.  As this Court indicated at the hearing, such a showing must be more than speculation but may be less than concrete proof.

The Plaintiff presented two documents in order to make a *prima facie* showing.  The first is an affidavit in which the Plaintiff states "[t]hat I reasonably believe that I have seen MJH

5

Hauling's trucks in the State of Illinois within the past 2 to 3 years." This is pure speculation. Regardless of how reasonable such a belief is, it is just that, a belief – this affidavit does not purport to convey knowledge. In addition, the Plaintiff does not mention the other two defendants, Ralph Helton or Robin Lynne, Inc. The Plaintiff also has presented a proposed second amended complaint.[3] In this second amended complaint,[4] the Plaintiff included paragraph 4 which asserts that the "Defendants" had minimum contacts with Illinois and purposefully availed themselves of the privilege of conducting business in Illinois (such that this Court could exercise personal jurisdiction). This paragraph is located in Count I which seeks damages from Defendant Ralph Helton. This paragraph is not repeated in Count II (directed to Defendant MJH Hauling, Inc.) or in Count III (directed to Defendant Robin Lynne, Inc.). This bare allegation, which provides nothing other that a recitation of black letter law, also is insufficient. This is the type of bare and unsupported assertion that Judge Cosbey has pointed out.

      The burden on the Plaintiff is not great. However, the Plaintiff has presented nothing more than speculation and unspecific conjecture. The purpose of requiring some showing before this Court will mandate discovery is to prevent time-consuming and costly discovery prior to the exercise of jurisdiction. There can be no doubt here that the discovery that the Plaintiff proposes, designed to establish minimum contacts and purposeful availment, will be time-

---

[3] It should be noted that the Plaintiff has not moved to amend their complaint as of the date of this order.

[4] This proposed second amended complaint does not comply with Local Rule 15.1.

consuming and potentially costly.[5]  Moreover, the exhibits that the Plaintiff provided wholly fail to make a prima facie showing that Ralph Helton and Robin Lynne, Inc. have any connection to the State of Illinois.  The Plaintiff ultimately argues that they are entitled to discovery as a matter of course.  If this is the case, then any Plaintiff can sue any Defendant in any forum, no matter how remote, and expect the Defendant to participate in costly discovery without even a *de minimis* showing.  Such a result is unsupported by the case authority cited above.  As the Plaintiff has failed to meet his minimum burden, this Court will not order discovery.

**Conclusion**

For the foregoing reasons, Court on the Motion for Discovery on Issue of Personal Jurisdiction filed by the Plaintiff, Larry Morris, on October 26, 2005 (Doc. 24).  The motion is **DENIED**.

**DATED: November 18, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[5] As indicated above, the court inquired into the proposed discovery at the November 16th, 2005 hearing.