# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY MORRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 05-cv-0621-MJR |
| ) | |
| **RALPH HELTON,** ) | |
| **MJH HAULING, INC., and** ) | |
| **ROBIN LYNNE, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

   This case arises out of a vehicular collision which occurred in August 2003 on Highway 67 in St. Charles County, Missouri. While driving a Jeep Cherokee, Larry Morris was struck by a Ford dump truck. The truck was operated by Ralph Helton and owned by MJH Hauling. At that time, MJH was working in Missouri as a subcontractor for Robin Lynne, Inc. ("RLI"). Helton lives in Missouri, MJH is a Missouri corporation, and RLI is a Missouri corporation.

   In July 2005, Morris filed suit against Helton, MJH, and RLI in the Circuit Court of Madison County, Illinois. The complaint alleged that Helton was the agent or employee of MJH or RLI and that his negligence resulted in Morris being extensively injured, disabled, and disfigured.

   The action was timely removed to this Court in August 2005. After raising a question on threshold review of the case and requiring Morris to file an amended complaint, the Court determined that subject matter jurisdiction was proper and "tracked" the case (*see* Docs. 12, 16).

1

By motions to quash and dismiss filed September 30 and October 7, 2005, all three Defendants challenged this Court's personal jurisdiction (*see* Docs. 14-1, 14-2, 19). Plaintiff Morris then filed two separate motions: (1) Doc. 23, which sought to stay briefing on the pending motions, and (2) Doc. 24, which sought leave to conduct discovery on the issue of personal jurisdiction.[1]

On November 2, 2005, the undersigned District Judge granted the first motion, extending to January 3, 2006 the deadline for Plaintiff Morris to respond to the pending motions to dismiss/quash and leaving to Magistrate Judge Wilkerson the task of resolving the discovery-related motion.

Two days later, Magistrate Judge Wilkerson conducted a telephonic conference with the parties to discuss Morris' motion for discovery on the issue of personal jurisdiction. At the close of that conference, Magistrate Judge Wilkerson took the motion under advisement (*see* Doc. 33). On November 16, 2005, Magistrate Judge Wilkerson conducted an in-court hearing on the discovery motion.[2] Ultimately, on November 18, 2005, Magistrate Judge Wilkerson issued a written Order denying Plaintiff Morris' motion seeking to conduct discovery on the issue of personal jurisdiction (Doc. 39). He concluded (*id.*, p. 5):

> this Court will not mandate potentially expensive and protracted discovery without a prima facie showing that personal jurisdiction exists.... As this Court indicated at the hearing, such a showing must be more than speculation but may be less than concrete proof.

---

[1] More specifically, Plaintiff proposed "to conduct limited discovery focusing on the extent of the Defendants' contacts with the State of Illinois, the extent to which the Defendants are and/or were 'doing business' within the State of Illinois within the meaning of the Illinois long-arm statute, ... and whether the Defendants have sufficient minimum contacts with the State of Illinois...." Doc. 24, p. 2.

[2] A transcript (rough draft) of that proceeding was prepared and furnished to the undersigned District Judge.

Magistrate Judge Wilkerson then assessed the evidence which Plaintiff Morris had presented to satisfy his prima facie showing (consisting of two documents). The first document was an affidavit in which Plaintiff Morris attested: "I reasonably believe that I have seen MJH Hauling's trucks in the State of Illinois within the past 2 to 3 years." Magistrate Judge Wilkerson found this to be "pure speculation," an affidavit which did "not purport to convey knowledge" and which did not even mention MJH's two coDefendants.

The second document relied on by Morris to make his prima facie showing was a *proposed* second amended complaint which flatly asserted that Defendants had minimum contacts with Illinois. Magistrate Judge Wilkerson found this "bare allegation" to be insufficient, noting (Doc. 39, p. 6):

> The burden on the Plaintiff is not great. However, the Plaintiff has presented nothing more than speculation and unspecific conjecture. The purpose of requiring some showing before this Court will mandate discovery is to prevent time-consuming and costly discovery prior to the exercise of jurisdiction.... As the Plaintiff has failed to meet his minimum burden, this Court will not order discovery.

Magistrate Judge Wilkerson's Order was issued on November 18, 2005. On November 29, 2005, Plaintiff Morris appealed that ruling (Doc. 39) to the undersigned District Judge, pursuant to **Federal Rule of Civil Procedure 72** and **Local Rule 73.1** of this Court.[3] Thus, this District Judge now must "reconsider the matter" and "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." **Fed. R. Civ. P. 72(a); Local Rule 73.1(a).**

---

[3] Those rules permit a party to appeal to the District Judge within ten days of issuance of the Magistrate Judge's Order. The ten days are calculated according to **Federal Rule of Civil Procedure 6** (*i.e.,* excluding weekends and court holidays), so Morris' appeal was timely.

In the appeal, Morris takes Magistrate Judge Wilkerson to task for initially finding Morris' arguments persuasive but ultimately "reversing himself" and ruling in Defendants' favor. There is nothing clearly erroneous or contrary to law in a judge forming an initial impression on a motion and subsequently, after thorough research and consideration, reaching a different conclusion.

Morris also complains that Magistrate Judge Wilkerson misconstrued the term "foreign corporation." Morris asserts:

> Magistrate Judge Wilkerson seems to be confused over the nationality of the defendants in this case, stating "the defendants here are not, presumably, wholly foreign corporation." ... Contrary to this confusion, it appears obvious that the defendants are totally United States defendants, and there is not a scintilla of information ... to imply that the defendant ever [sic] know where any foreign nation is, and no Defendant seems to claim that they [sic] are foreign nationals.

Doc. 41 p. 3, *citing* Doc. 39, p. 5.

Magistrate Judge Wilkerson did not err in his use of the term "foreign corporation." Decisions discussing personal jurisdiction employ that term to describe not only a corporation based outside the United States but also a corporation from any state *other* than the forum state. For instance, in ***International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945)**, the term was used to describe a Delaware corporation, as the High Court confronted the question whether that "foreign" corporation, by virtue of activities in the forum state (Washington), rendered itself amenable to proceedings in Washington.

Next, Morris criticizes Magistrate Judge Wilkerson's statement that discovery in federal court is governed by *federal* procedural rules and *federal* law (Doc. 41, p. 4, *citing* Doc. 39, p. 3). Morris maintains that state law governs the question of substantive personal jurisdiction. Clarification is needed on this front.

4

Yes, the underlying question of whether personal jurisdiction exists *is* resolved by reference to both federal law and Illinois <u>state</u> law.  But that was not the question before Magistrate Judge Wilkerson.  (In this Court, District Judges resolve jurisdictional issues, and the undersigned District Judge has stayed briefing until January 2006 on the motions challenging personal jurisdiction.)

Rather Magistrate Judge Wilkerson was deciding whether to permit the discovery sought by Plaintiff Morris.  Illinois law does not govern that decision.  Federal procedural law governs such questions in this Court.  Just last week, the Seventh Circuit reiterated the principle that federal courts sitting in diversity must apply state law to resolve substantive questions and federal law to resolve procedural questions.  ***Harper v. Vigilant Ins. Co.,* – F.3d –, 2005 WL 3288341, 3 (7th Cir. Dec. 6, 2005).  *See also Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938).**

The meatier point in Morris' appeal is that Magistrate Judge Wilkerson incorrectly concluded that a plaintiff must make a modest prima facie showing of personal jurisdiction before a court will require defendants to engage in discovery designed to delve the question *whether* personal jurisdiction exists.  Additionally, Morris contends that – *if* such a showing is required – the burden has been discharged here via the affidavit "showing that he believes that he has seen Defendant's trucks in Illinois in the last few years, implying that this Defendant is operating its business in Illinois" (Doc. 41, p. 6).

Having carefully reviewed the record before it, the undersigned District Judge cannot find that Magistrate Judge Wilkerson's November 18th Order was clearly erroneous or contrary to law.  Indeed, the United States Court of Appeals for the Seventh Circuit has affirmed a district court ruling similar to Magistrate Judge Wilkerson's denial of the requested discovery.  In so doing, the

5

Seventh Circuit rejected the plaintiff's contention that the district court improperly declined to permit discovery on the issue of personal jurisdiction.

> The Fund claims that the district court should have permitted discovery concerning whether personal jurisdiction over REE and REWCOR would be proper. **At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted.**

*Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, **230 F.3d 934, 946 (7th Cir. 2000)(emph. added).**

Additionally, the law of this Circuit provides that district courts have "wide latitude in determining whether to grant a party's request for discovery." *Hay v. Indiana State Bd. Of Tax Commissioners*, **312 F.3d 876, 882 (7th Cir. 2002),** *citing Doty v. Illinois Cent. R.R. Co.*, **162 F.3d 460, 461 (7th Cir. 1998).** *See also* **Fed. R. Civ. P. 26(b).** Magistrate Judge Wilkerson acted well within the boundaries of that latitude in declining to permit the requested discovery here.

Because Magistrate Judge Wilkerson's November 18, 2005 Order was neither clearly erroneous nor contrary to law, the Court **DENIES** Plaintiff's appeal (Doc. 39) and **AFFIRMS** Magistrate Judge Wilkerson's ruling. Still pending before the Court are Defendants' motions to dismiss and quash (Docs. 14-1, 14-2, and 19), with Plaintiff's response(s) due January 3, 2006.

**IT IS SO ORDERED.**

**DATED this 16th day of December, 2005.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**