IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-cv-0621-MJR |
| ) | |
| RALPH HELTON, ) | |
| MJH HAULING, INC., and ) | |
| ROBIN LYNNE, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

      An August 2003 vehicular collision is the genesis of this case. The collision took place in St. Charles County, Missouri. While driving a Jeep Cherokee, Larry Morris (an Illinois citizen) was struck by a Ford dump truck. The truck was operated by Ralph Helton (a Missouri citizen) and owned by MJH Hauling (also a Missouri citizen).[1] At that time, MJH was working in Missouri as a subcontractor for Robin Lynne, Inc. ("RLI"), another Missouri citizen.

      In July 2005, Morris filed suit against Helton, MJH, and RLI in the Circuit Court of Madison County, Illinois. The complaint alleged that Helton was the agent or employee of MJH or RLI and that his negligence resulted in Morris being extensively injured, disabled, and disfigured.

      The action was timely removed to this Court in August 2005. After raising a question on threshold review of the case and requiring Morris to file an amended complaint, the Court determined that subject matter jurisdiction lay under the federal diversity statute, **28 U.S.C. § 1332.**

---

[1] MJH Hauling is incorporated in and maintains its principal place of business in Missouri.

By motions to quash and dismiss filed September 30 and October 7, 2005, all three Defendants challenge this Court's personal jurisdiction (*see* Docs. 14-1, 14-2, 19). Those motions are fully briefed and come now before the Court for resolution.

Due process limits when a state may exercise personal jurisdiction over nonresident defendants. ***Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 108 (1987); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).** This limitation permits potential defendants to structure their contacts and plan where their business activities will and will not render them liable to suit. ***See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *World-Wide Volkswagen*, 444 U.S. at 297.**

In diversity cases, personal jurisdiction may not be exercised over nonresident defendants unless "minimum contacts" have been established between the defendants and the particular state in which the court sits (the forum state). ***Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 551 (7th Cir. 2004).** In ***Burger King*, 471 U.S. at 474,** the Supreme Court emphasized that, notwithstanding modern modes of transportation and communication, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State."

Stated another way, a federal court's assertion of personal jurisdiction must comport with "traditional notions of fair play and substantial justice," to satisfy the Due Process Clause of the United States Constitution. ***International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).** Defendants must have "purposely availed" themselves of the privilege of conducting activities within the forum state, such that they should reasonably anticipate being haled into court there. ***World-Wide Volkswagen*, 444 U.S. at 297.** Defendants may not be forced to defend a suit solely "as a result of random, fortuitous, or attenuated contacts" with that state. ***Burger King*, 471 U.S.**

**at 476.** In addition to examining whether the exercise of personal jurisdiction squares with *federal* due process requirements, courts must also ascertain whether the exercise of personal jurisdiction offends *state* statutory or constitutional limits. The Seventh Circuit has stated: "Three distinct obstacles to personal jurisdiction must generally be examined: 1) state statutory law; 2) state constitutional law; and 3) federal constitutional law." ***RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997). *Accord Jennings*, 383 F.3d at 548 ("In diversity cases, such as this one, a federal court must determine if a court of the state in which it sits would have personal jurisdiction over the defendant.... Thus, the jurisdictional inquiry begins with an application of the statutory law of the forum state...").**

Here, the Court must consider the Illinois long-arm statute. That statute provides that an Illinois court "may ... exercise jurisdiction on any ... basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." **735 ILCS § 5/2-209(c).** Because the Illinois statute authorizes personal jurisdiction to the constitutional limits, the three inquiries mentioned above collapse into two constitutional inquiries – one state and one federal.

The Illinois Supreme Court has explained that personal jurisdiction may be asserted "only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." ***RAR*, 107 F.3d at 1276,** *quoting Rollins v. Ellwood*, **565 N.E.2d 1302, 1316 (Ill. 1990).**

In the case at bar, as to analysis of state and federal requirements, Plaintiff Morris has not demonstrated that any of the three Defendants has sufficient contacts with Illinois to support the exercise of personal jurisdiction in this forum.

Illinois' long-arm statute lists various kinds of conduct in Illinois which allow the exercise of personal jurisdiction. For instance, commission of a tortious act in Illinois subjects a non-resident defendant to suit within this state. But, here, no tort is alleged to have been committed by any of the Defendants *in* Illinois.

Another portion of the Illinois long-arm statute, **735 ILCS § 5/2-209(b)(4),** provides:

> A court may exercise jurisdiction in any action arising within ... this State against any ... natural person or corporation doing business within this State.

But the record before this Court does not establish that any of the Defendants was doing business *within* Illinois.

Plaintiff Morris offers no evidence whatsoever that Defendants Helton or RLI have transacted any business in Illinois. Plus, RLI submitted an uncontroverted affidavit from its sole shareholder (Doc. 19-3) which plainly establishes that RLI does no business in Illinois, has no employees, servants, or agents in Illinois, and operates no trucks in Illinois (either now or at the time of the accident in question).

All Morris tenders to prove that the remaining Defendant (MJH) is subject to suit in Illinois is a speculative, tentative affidavit – submitted as an exhibit at a November 16, 2005 hearing herein – attesting: "I reasonably believe that I have seen MJH Hauling's trucks in the State of Illinois within the past 2 to 3 years." This slender reed does not support the exercise of personal jurisdiction by this Court.

This accident – and the alleged acts of negligence – all occurred in Missouri. All three Defendants are Missouri citizens, none of which/whom committed any act listed in the Illinois

long-arm statute. None of the Defendants could reasonably anticipate being haled into court in Illinois.

Accepting as true all well-pleaded facts and resolving in Morris' favor all factual disputes in the pleadings, Morris has not met his burden of demonstrating that this Court can properly exercise personal jurisdiction over the three nonresident Defendants. Put simply, Morris has not shown the necessary minimum contacts between the State of Illinois and Defendants.

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)** authorizes federal district courts to dismiss lawsuits for lack of personal jurisdiction. Dismissal is appropriate here. The Court declines Morris' invitation – if the Court finds personal jurisdiction absent – to transfer the case to the Eastern District of Missouri pursuant to **28 U.S.C. § 1406(a).** Morris presents only barebones arguments for transfer, and he has not identified any prejudice which will result from dismissal. *See* Doc. 49, pp. 2-3; *Jennings*, **383 F.3d at 552.**

For all these reasons, the Court **GRANTS** RLI's October 7, 2005 motion to dismiss (Doc. 19), **GRANTS** Defendant Helton and Defendant MJH's September 30, 2005 motion to dismiss (Doc. 14-1), **DENIES as moot** Helton and MJH's motion to quash service (Doc. 14-2), and **DISMISSES this case** for lack of personal jurisdiction over all three Defendants. Dismissal shall be *without* prejudice. ***See, e.g., Great Lakes Overseas, Inc. v. Wah Kwong Shipping Group, Ltd., 990 F.2d 990, 998 (7th Cir. 1993).***

       **IT IS SO ORDERED.**

       **DATED this 5th day of January, 2006.**

                                                s/Michael J. Reagan  
                                                **MICHAEL J. REAGAN**  
                                                **United States District Judge**